# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMANTHA BRITTINGHAM, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELMAR PIZZA & PASTA | ) | |
| RESTAURANT, INC. | ) | C.A. No. S22A-07-001 MHC |
| | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

## ORDER

Submitted: November 1, 2022
Decided: January 4, 2023

*On the Decision of the Unemployment Insurance Appeals Board*, **AFFIRMED**.

Samantha Brittingham, *Pro Se Appellant*.

Victoria E. Groff, Esquire, Assistant Attorney General, Department of Justice, Wilmington, Delaware, *Attorney for Appellee Unemployment Insurance Appeal Board.*

Victoria W. Counihan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, *Attorney for Delaware Division of Unemployment Insurance.*

James D. Griffin, Esquire, Parkowski Guerke & Swayze, Rehoboth Beach, Delaware, *Attorney for Appellee Delmar Pizza and Pasta Restaurant, Inc.*

**Conner, J.**

This 4th day of January 2023, upon consideration of the appeal of Samantha Brittingham ("Brittingham") from the decision of the Unemployment Insurance Appeal Board (the "Board"), it appears to the Court that:

**Factual and Procedural History**

1. Brittingham has been employed by Delmar Pizza and Pasta Restaurant Inc. ("Employer") since August 6, 2017. Brittingham is employed as a part-time server earning $2.23 an hour plus tips.

2. On December 23, 2021 Brittingham filed for unemployment benefits because her hours were reduced.

3. On January 27, 2022 the Division Claims Deputy determined that Brittingham was not eligible for unemployment benefits because she was not guaranteed a minimum number of hours by the Employer and is not considered an "unemployed individual" pursuant to 19 *Del. C.* § 3302 (17).[1]

---

[1] 19 *Del. C.* § 3302 (17) states:

"Unemployment" exists and an individual is "unemployed" in any week during which the individual performs no services and with respect to which no wages are payable to the individual, or in any week of less than full-time work if the wages payable to the individual with respect to such week are less than the individual's weekly benefit amount plus whichever is the greater of $10 or 50% of the individual's weekly benefit amount. The Department shall prescribe regulations applicable to unemployed individuals making such distinctions in the procedures as to total unemployment, part-total unemployment, partial unemployment of individuals attached to their regular jobs and other forms of short-time work as the Department deems necessary.

1

4. Brittingham appealed the Claims Deputy's decision. A telephonic hearing occurred on April 4, 2022 before an Appeals Referee. Brittingham claimed that since October 2021 the Employer has decreased her hours from approximately 30-40 per week to 3.5-10 hours per week. Brittingham testified that she was hired at full time hours in 2017 and that she was verbally guaranteed to be scheduled 40 hours per week.

5. Applying 19 *Del. C.* § 3302 (17), the Appeals Referee concluded Brittingham did not meet the definition of a partially unemployed or unemployed person and was therefore ineligible to receive unemployment benefits.[2] The Appeals Referee further found that Brittingham was hired as a part-time server on an as needed basis with no guaranteed number of hours per week.[3] The Employer testified that Brittingham is working a reduced number of hours because she is not available to work evenings and there are a limited number of day shift hours available.[4] Although evening shifts are available, Brittingham is working all available hours that she is willing to work.[5] The Appeals Referee concluded Brittingham's reduction in hours due to her limited availability is not something that can be attributed to the Employer.[6]

---

[2] Referee's Decision at 3, Apr. 6, 2022.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*

6. On April 8, 2022 Brittingham appealed the Referee's decision to the Board.[7] At the May 18, 2022 Board hearing Brittingham testified that she has three separate unemployment claims and that each should be heard individually.[8] After determining what claim was being discussed Brittingham explained her application for benefits dated December 23, 2021 was filed due to her hours being reduced from 20-30 hours weekly to 8-10 hours weekly.[9] Brittingham further explained she felt the Employer was reducing her hours as retaliation for her previous claims.[10]

7. The Board affirmed the Referee's decision that Brittingham did not meet the definition of "unemployed" pursuant to 19 *Del. C.* § 3302 (17) at the time of filing her claim.[11] The Board explained that Brittingham did not submit any evidence establishing that she worked regular full-time hours with the Employer.[12] Additionally, the Board added that "[a]lthough [Brittingham] may

---

[7] Brittingham Appeal Request, April 8, 2022.

[8] The issue is not addressed further in the Board's decision but is discussed briefly in the transcript of the hearing with the Appeals Referee. In that hearing Brittingham states she has three separate claims all combined under one case and asks the Appeals Referee which claim is being addressed. The Referee stated she can only address what has been appealed, which was Appeals Docket Number 77074941. The Referee explained the cases are not consolidated. The only appeal to be addressed is whether Brittingham qualified as an unemployed individual. *Id*. at 1; *see also* Transcript of Referee's Hr'g at 6-8.

[9] This testimony is slightly inconsistent with the testimony given in front of the Appeals Referee. *Id*. at 1-2.

[10] Brittingham suffered a work-related injury on August 9, 2021 and was out of work until October 9, 2021. Due to her being unable to work, she filed for both Workers' Compensation benefits and Unemployment benefits. *Id*. at 2.

[11] *Id.* at 3.

[12] *Id.*

have worked more hours prior to her claim for unemployment benefits, she was not guaranteed a minimum number of hours, and, therefore, does not meet the definition of 'unemployed.'"[13] On July 19, 2022 Brittingham appealed the Board's decision.

## Standard of Review

8.  The Court's appellate review is limited to determining whether the Board's findings and conclusions are supported by substantial evidence and free from legal error.[14] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[15] Discretionary decisions of the Board will be upheld unless the Board "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[16] The Court may not weigh evidence, decide questions of credibility, or engage in fact-finding upon review of the Board's decision.[17]

---

[13] *Id.*
[14] *Toribio v. Peninsula United Methodist Homes, Inc.*, 2009 WL 153871, at *2 (Del. Super. Jan. 23, 2009).
[15] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).
[16] *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000).
[17] *Toribio*, 2009 WL 153871, at *2.

4

**Discussion**

9. Brittingham advances two arguments in supporting her appeal.[18] First, Brittingham argues her three unemployment claims should not have been consolidated.[19] However, the only issue addressed by the Claims Deputy, Appeals Referee, and the Board pertains to the reduction of hours filed on December 23, 2021. Therefore, this Court is limited to deciding the issues relevant to the December 2021 unemployment benefits claim and associated appeal.

10. Brittingham's second argument is without merit. She has not submitted any evidence she ever worked regular full-time hours. A review of the pay stubs attached to Brittingham's Opening Brief establishes she never worked a specific number of hours.[20] Due to the lack of evidence that Brittingham was guaranteed a minimum number of hours from the Employer, the appeal must fail. The Board did not err in concluding Brittingham was ineligible to receive unemployment benefits under 19 *Del. C.* § 3302 (17).

---

[18] Brittingham Opening Br., September 29, 2022.
[19] *Id.* § Issues Presented for Review.
[20] *Id.* Attached Paystubs. *See also* Referee's Decision, April 6, 2022, Claimant's Ex. 1.

## Conclusion

11. The record supports the Board's decision that Brittingham was not unemployed within the meaning of 19 *Del. C.* § 3302 (17). No error of law or abuse of discretion exists in the Board's decision. Accordingly, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

/s/ Mark H. Conner

Mark H. Conner, Judge

cc: Prothonotary